**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000429**
**22-MAY-2018**
**08:17 AM**

NO. CAAP-15-0000429

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


BLUE MOUNTAIN HOMES, LLC,
Plaintiff/Counterclaim Defendant/Appellee,
v.
PENNY PAGE, Defendant/Counterclaim Plaintiff/
Third Party Plaintiff/Appellant,
and
JOHN DOES 1-5 AND JANE DOES 1-5, Defendants
and
THE BANK OF NEW YORK MELLON FKA THE BANK OF
NEW YORK AS TRUSTEE ON BEHALF OF THE CERTIFICATEHOLDERS
CWALT, INC., ALTERNATIVE LOAN TRUST 2005-69 MORTGAGE
PASS THROUGH CERTIFICATE SERIES 2005-69, Third Party
Defendant/Appellee,
and
DOE DEFENDANTS 1-20, Third Party Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 14-1-0037(2))


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., Reifurth and Chan, JJ.)

Defendant/Counterclaim-Plaintiff/Third Party
Plaintiff/Appellant Penny Page (**Page**) appeals from the Judgment
for Possession and Writ of Possession, and challenges the
"Findings of Fact, Conclusions of Law and Order Granting
Plaintiff Blue Mountain Homes, LLC's Motion for Summary Judgment"
(**Summary Judgment Order**) all filed on March 20, 2015, in the

Circuit Court of the Second Circuit (**circuit court**).[1] The circuit court entered judgment in favor of Blue Mountain Homes, LLC (**Blue Mountain**).

Page also challenges an "Order Denying [Page's] Motion to Reconsider the Court's Orders Granting Plaintiff's Motion for Summary Judgment and Order Granting Third Party Defendant's Motion to Dismiss After Hearing on February 6, 2015" (**Reconsideration Order**) filed on April 27, 2015.

On appeal, Page contends the circuit court erred when it granted summary judgment because Blue Mountain did not meet its initial burden to demonstrate "that the [nonjudicial] foreclosure sale was conducted in a manner that was fair, reasonably diligent, and in good faith, and to demonstrate that an adequate price was procured for the property" in accordance with Kondaur Capital Corp. v. Matsuyoshi, 136 Hawai'i 227, 361 P.3d 454 (2015) and JPMorgan Chase Bank, Nat'l Ass'n v. Benner, 137 Hawai'i 326, 372 P.3d 358 (App. 2016).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Page's single point of error as follows and vacate as set forth below.

In this case, the circuit court issued the Judgment for Possession and Writ of Possession in favor of Blue Mountain, which had purchased the subject property from Appellee The Bank of New York Mellon fka The Bank of New York as Trustee on behalf of the CertificateHolders CWALT, Inc., Alternative Loan Trust 2005-69 Mortgage Pass-Through Certificate Series 2005-69 (**Bank of New York**). Specifically, pursuant to a Special Warranty Deed dated June 4, 2013, and recorded in the Bureau of Conveyances on July 30, 2013, Bank of New York conveyed the property to Blue Mountain.

Subsequently, on January 27, 2014, Blue Mountain initiated this action by filing a Complaint for Ejectment against

---

[1] The Honorable Peter T. Cahill presided.

Page.  On December 9, 2014, Blue Mountain filed its motion for summary judgment.  On March 20, 2015, the circuit court entered its Summary Judgment Order, concluding that Blue Mountain was a bona fide good faith purchaser and granting summary judgment for Blue Mountain.

We review the circuit court's grant or denial of summary judgment *de novo*.  Kondaur Capital Corp., 136 Hawai'i at 240, 361 P.3d at 467.  "[S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. (citation omitted).  "The moving party has the initial burden of 'demonstrating the absence of a genuine issue of material fact.'"  Id. (citation omitted).  Only if the initial showing is satisfied, the burden shifts to the nonmoving party to provide "specific facts showing that there is a genuine issue for trial." Id. at 240-41, 361 P.3d at 467-68 (citation and emphasis omitted).  Moreover, "in reviewing summary judgment decisions, an appellate court steps into the shoes of the trial court and applies the same legal standard as the trial court applied." Koga Eng'g & Const., Inc. v. State, 122 Hawai'i 60, 78, 222 P.3d 979, 997 (2010) (citations and original brackets omitted).

To maintain an ejectment action, the plaintiff must (1) "'prove that he or she owns the parcel in issue,' meaning that he or she must have 'the title to and right of possession of' such parcel" and (2) "establish that 'possession is unlawfully withheld by another.'"  Kondaur Capital Corp., 137 Hawai'i at 241, 361 P.3d at 468 (citations and brackets omitted).

In Kondaur Capital Corp., the Hawai'i Supreme Court ruled as follows:

> In *Ulrich v. Security Investment Co.*, 35 Haw. 158 (Haw. Terr. 1939), we held that a personal property mortgagee seeking to enforce a non-judicial foreclosure sale bears the burden of establishing that the sale was conducted in a manner that is fair, reasonably diligent, and in good faith and that an adequate price was procured for the property. In the years after *Ulrich* was decided, the legislature made several amendments to the non-judicial foreclosure statute, and the viability of *Ulrich* in light of these amendments, as well as *Ulrich*'s applicability to real property non-judicial

> foreclosures, has recently been questioned, with federal courts in Hawai'i reaching conflicting results.
>
> We hold that the duties set forth in *Ulrich* remain viable law and are applicable to non-judicial foreclosures of real property mortgages. Additionally, in situations where a mortgagee acts as both the seller and the purchaser of the subject property at a non-judicial foreclosure sale, that mortgagee, or its quitclaim transferee or <u>non-bona fide successor</u>, bears the burden of proving compliance with the requirements of *Ulrich*.

136 Hawai'i at 229, 361 P.3d at 456 (footnotes omitted and emphasis added).

Bank of New York and Blue Mountain argue that <u>Kondaur</u> is inapplicable in this case because Blue Mountain is a bona fide purchaser of the property, whereas <u>Kondaur</u> provides that a mortgagee who acts as both the seller and purchaser of property at a non-judicial foreclosure, a quitclaim transferee or "<u>non-bona fide successor</u>" bears the burden of demonstrating that the non-judicial foreclosure sale was conducted in a manner that was "fair, reasonably diligent, and in good faith and that an adequate price was procured for the property." <u>Id.</u> In short, Blue Mountain maintains that because it is a bona fide purchaser of the property, the initial burden to show that the non-judicial foreclosure sale was conducted in a manner that was fair, reasonably diligent, and in good faith, and that an adequate price was procured for the property does not fall upon Blue Mountain. <u>Id.</u> at 229, 361 P.3d at 456.

We recognize that this case is different from <u>Kondaur</u> to the extent that the deed transferring the property to Blue Mountain does not contain any limitations to the transfer based on any of Page's rights, the party who was subject to the non-judicial foreclosure. In <u>Kondaur</u>, the mortgagee that conducted the non-judicial foreclosure on the property was Resmae Liquidation Properties LLC (**RLP**) and at auction, RLP was the highest bidder and thereby obtained title to the property. <u>Id.</u> at 230, 361 P.3d at 457. RLP then executed a quitclaim deed conveying the property to Kondaur and Kondaur brought an ejectment action. <u>Id.</u> at 230–31, 361 P.3d at 457–58. The quitclaim deed provided that RLP conveyed the property to Kondaur but made "no representations, warranties or promises regarding

4

any claims by LEIGH MATSUYOSHI, her heirs, successors or assigns." Id. at 241, 361 P.3d at 468 (emphasis omitted). The supreme court noted that:

> [t]he certified copy of the quitclaim deed and all of its attachments suffice to establish only that Kondaur has an ownership interest in and right of possession of the Property, subject to Matsuyoshi's title and ownership interest in the same Property. This conditional status of Kondaur's title originates from the language of Kondaur's quitclaim deed, which specifically carves out from Kondaur's interest any claims that Matsuyoshi may still have on the Property. It is therefore clear from the language of the deed that it does not convey a title superior to that of Matsuyoshi's title and interest because it goes so far as acknowledging that Matsuyoshi may have some ownership claim on the Property.

Id. (Emphasis added.).

In this case, to the contrary, it is undisputed that Bank of New York executed a Special Warranty Deed, recorded in the Bureau of Conveyances on July 30, 2013, which provides that:

> Grantor [Bank of New York] does hereby covenant with Grantee [Blue Mountain] that the Grantor has not heretofore done, committed or willingly suffered to be done or committed any act or thing whatsoever whereby the title and estate hereby conveyed, or any part thereof, are or shall be charged or encumbered, except as set forth in Exhibit A and except for the lien of real property taxes not yet by law required to be paid.

Exhibit A to the Special Warranty Deed does not establish any relevant exceptions that diminish the interest conveyed to Blue Mountain. Thus, in that respect, this case is distinguishable from Kondaur.

However, to fully distinguish this case from Kondaur, Blue Mountain must demonstrate that it actually is a bona fide purchaser for value. The circuit court determined in its Summary Judgment Order that "Plaintiff is a bona fide good faith purchaser." However, because we review the circuit court's grant of summary judgment de novo, we are not bound by the circuit court's conclusions and must determine whether Blue Mountain met its initial burden to establish that there are no genuine issues of material fact that it was a bona fide good faith purchaser from Bank of New York.

> A non-bona fide purchaser is one who does not pay adequate consideration, "takes with knowledge that his transferor acquired title by fraud[,] or . . . buys registered land with full notice of the fact that it is in litigation between the transferor and a third party." Akagi v. Oshita, 33 Haw. 343, 347 (1935); Achiles v. Cajigal, 39 Haw. 493,

5

499 (1952); <u>see generally</u> 92A C.J.S. <u>Vendor and Purchaser</u> § 547 (2010) <u>(defining a bona fide purchaser as "one who acquires an interest in a property for valuable consideration, in good faith, and without notice of any outstanding claims which are held against the property by third parties"</u>).

<u>Kondaur Capital Corp.</u>, 136 Hawai'i at 240 n.27, 361 P.3d at 467 n.27 (emphasis added); <u>see also</u> <u>Fair Horizon LLC v. Agard</u>, No. CAAP-12-0000437, 2015 WL 315488, at *1 (Haw. App. Jan. 26, 2015) (SDO); <u>Seiger v. Standard Oil Co.</u>, 318 P.2d 479, 484 (Cal. Dist. Ct. App. 1957) ("To become a bona fide purchaser one must have acquired title without notice, actual or constructive, of another's rights and also must have paid value for the same.").

In this case, the Special Warranty Deed provides "[t]hat for Ten Dollars ($10.00) and other good and valuable consideration paid by the Grantee [Blue Mountain], the receipt of which is hereby acknowledged, the Grantor [Bank of New York] does hereby grant, bargain, sell and convey unto the Grantee [Blue Mountain] all of the property[.]" There is no other evidence in the record as to the amount Blue Mountain paid to acquire title to the property. Both Blue Mountain and Bank of New York assert that the property was acquired by way of the Special Warranty Deed but do not provide what "valuable consideration" or payment of value was exchanged. <u>Achiles v. Cajigal</u>, 39 Haw. 493, 498-99 (1952) (buyer "was not a bona fide purchaser for value" because conveyance was without adequate consideration); <u>Fair Horizon LLC</u>, 2015 WL 315488, at *1-*2 (affirming summary judgment in favor of appellee because appellee purchased the property in good faith for value and without notice of any title defects and thereby was entitled to possession of the property); 92A C.J.S. <u>Vendor and Purchaser</u> § 550 (2010) ("The term 'valuable consideration' means something of substantial value, including money or something that is worth money, such as legal or other services.") (footnotes omitted).

Thus, based on our review of the record, Blue Mountain did not carry its initial burden to establish that it was a bona fide purchaser. There are genuine issues of material fact as to whether it purchased the property in good faith for valuable

consideration. Hence, summary judgment was not warranted in favor of Blue Mountain.

Therefore, IT IS HEREBY ORDERED that the Judgment for Possession filed on March 20, 2015, in the Circuit Court of the Second Circuit is vacated.

DATED: Honolulu, Hawaiʻi, May 22, 2018.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
Richard T. Forrester,
for Penny Page.

Chief Judge

Matson Kelley,
Alex Wilkins,
for Blue Mountain Homes, LLC.

Associate Judge

Patricia J. McHenry,
for The Bank of New York Mellon,
fka The Bank of New York, as Trustee
on Behalf of The Certificateholders
CWALT, Inc., Alternative Loan Trust
2005-69, Mortgage Pass Through
Certificate Series 2005-69.

Associate Judge

7